UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           CASE NO: 09CR673

       Plaintiff,

vs

RON COLLINS,

       Defendant.
_____/

## MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT AND MEMORANDUM OF LAW AS WELL AS EXCULPATORY EVIDENCE

COMES NOW the Defendant by and through the undersigned counsel and moves this Honorable Court for an order requiring the government to disclose to the defendant any and all of the following:

The existence and substance of any promises, agreements, understandings or arrangements, either verbal or written, between the government, state or federal, its agents, and any prosecution witness or informant or cooperating defendant or his or her attorneys or representatives, wherein the government has agreed:

Page 1

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

i. Not to prosecute the witness(es) for any crime or crimes;

ii. Not to prosecute a third party for any crime or crimes;

iii. To provide a formal grant of statutory immunity or an informal grant of immunity in connection with any testimony given by him or her;

iv. To recommend leniency for any crime or crimes for which he or she is convicted;

v. To recommend a particular sentence for any crime or crimes for which he or she is convicted;

vi. To dismiss any counts of an indictment pending against a government witness;

vii. To provide favorable treatment or consideration, that is money or the like, to the witness himself or to friends or relatives for the witness' cooperation and testimony.

viii. To compromise or diminish, or to recommend to compromise or diminution of any federal, state or local taxes which he or she is claimed to owe;

ix. To make any other recommendations of benefit or to give any other consideration to him or her; and

x. To cause the removal or destruction of the criminal record of such witness;

xi. To cause the change of identity of such witness;

xii. To keep confidential from any local, state or federal agency statements of facts derivatively discovered through the witness' statements;

Page 2

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

xiii. Any commitments or promises of assistance received from any United States Congressional Committee, sub-committee member, aide or investigator;

xiv. To agree to refrain from pursuing forfeiture proceedings under the RICO Act or Continuing Criminal Enterprise Act.

The Defendant further requests:

1. The full record of arrests and criminal conviction of any prospective witness the Government intends to call at the trial of the above-captioned matter.

2. The full and complete statement of all promises, rewards, inducements of any kind made by the Government, its' prosecutors, its' agencies, or its' agents, or by any State, acting as a result of an explicit or implicit request by the Government to induce or encourage the giving of testimony or information made to (a) any prospective witness who the Government intends to call at the trial of the above-captioned matter, (b) any witness who testified to the Grand Jury, (c) or any witness who assisted the Government in its investigation and preparation of the above-captioned matter.

3. Any evidence which may be used to impeach or discredit any witness the Government intends to call at the trial of the above-

Page 3

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

captioned matter; particularly, but not exclusively, inconsistent statements of a witness or between witnesses; statements of bias or prejudice against any of the Defendants by a witness or admission of poor memory by a witness.

4. A full and complete statement of any and all criminal cases presently known by the Government to be pending against any witness the Government intends to call in its presentation of its case-in-chief at trial of the above-captioned matter, regardless of whether or not these cases are the subject of a promise, reward or inducement.

5. A full and complete statement of any and all criminal conduct which the Government has knowledge, has been committed by any witness the Government intends to call in its' case-in-chief regarding which there has been no conviction, regardless of whether or not these crimes are presently the subject of a promise, reward or inducement and regardless of whether or not these crimes are presently the subject of a pending criminal charge.

6. The name and address of every person who has displayed photographs of the corporeal person of any of the Defendants in an attempt to obtain identification testimony, and who failed to positively identify any of the Defendants.

Page 4

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

7. Any and all reports, memoranda or statements which contain interviews with or descriptions by the witnesses enumerated in paragraph 6, relevant to their recollection of the event about which the Government was attempting to elicit photographs or corporeal identification of any of the Defendants.

In support of this motion, substantively, the Defendants relies generally on the need to make specific request for exculpatory evidence, see, <u>United States v. Agurs</u>, 96 Sp.Ct. 2392 and on <u>Brady v. Maryland</u>, 373 U.S. 83 and specifically on <u>Giglio v. United States</u>, 405 U.S. 150 (paragraphs 2, 3, 4 and 5), on <u>United States v. Quinn</u>, 364 F.Supp. 432 (N.D. Ga. 1973), <u>United States v. Morceri</u>, 359 F.Supp. 431 (N.D. Ohio 1973), <u>United States v. Gibson</u>, (D.C. Superior Court, 1972) 12 Cr.L. 2096, <u>Hill v. Superior Court</u>, 10 Cal., 3d 812 (1974), <u>United States v. Curry</u>, 278 F.Supp. 456 (N.D. Ill. 1967), (all paragraph 1) on the <u>United States v. Fried</u>, 486 F.2d 201 (2nd Cir. 1973) (paragraph 4), on <u>Moynahan v. Manson</u>, 419 F.Supp. 1139 (D. Conn. 1976) (paragraph 5) and on <u>United States v. McMillian</u>, 535 F.2d 1035 (8th Cir. 1976) and <u>Barbee v. Warden</u>, 331 F.2d 842 (4th Cir. 1964) (paragraphs 6 and 7). All disclosures must be made prior to trial. <u>United States v. Mitchell</u>, 372 F.Supp. 1289 (S.D.N.Y. 1967), <u>United States v. Germain</u>, 411 F.Supp. 719 (S.D. Ohio, 1976), <u>United States v. Ladd</u>, 48 F.R.D. 266 (D. Alaska 1969). <u>United States v. Polisi</u>, 416 F.2d 573 (2d Cir. 1968), <u>Ashley v. Texas</u>, 319 F.2d 80 (5th Cir. 1963), <u>United States v. Bryant</u>, 439 F.2d 642 (D.C. Cir. 1971).

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

Courts have consistently held that in attempting to establish motives or bias of government witnesses, a defendant may elicit evidence showing that the government has made explicit or implied promises of immunity from prosecution, lenience in sentencing, or other preferential treatment in return for the witness' or informant's cooperation and agreement to testify for the prosecution.

In <u>McKinzy v. Wainwright</u>, 719 F.2d 1525 (11th Cir. 1983) the court held...

> A defendant's sixth amendment right to confront witnesses applies in state as well as federal trials. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). This right includes the opportunity for effective cross examination and is one of the minimum essentials for a fair trial. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1972), *citing In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).
>
> The Supreme Court explained in *Davis* that: "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." 415 U.S. at 317, 94 S.Ct. at 1110 (citations omitted). When a witness is in government custody it is proper to ask if his testimony is given under the promise or expectation of favorable treatment in his own criminal matters. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

Page 6

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

"[C]ross-examination of a witness in matters pertinent to his credibility ought to be given the largest possible scope." *United States v. Mayer*, 556 F.2d 245. 248 (5th Cir. 1977) *quoting United States v. Partin*, 493 F.2d 750, 763 (5th Cir. 1974), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977) *quoting McConnell v. United States*, 393 F.2d 404, 406 (5th Cir. 1968). It is error to prevent cross examination of the witness' possible motives to shade his testimony to please state authorities who may have control over the witness' own criminal disposition. *Greene v. Wainwright*, 634 F.2d 272 (5th Cir. 1981); *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); *United States v. Brown*, 546 F.2d 166 (5th Cir. 1977).

The Fifth Circuit has repeatedly recognized the particular need for full cross examination of the state's star witness. *United States v. Barrentine*, 591 F.2d 1069, 1081 (5th Cir.), *cert. denied*, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979); *Beaudine v. United States*, 368 F.2d 417, 424 (5th Cir. 1966); *Grant v. United States*, 368 F.2d 658, 661 (5th Cir. 1966). These Fifth Circuit cases decided before October 1, 1982, are binding precedent on this panel. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). In this case, the juvenile was the only eye witness to the actual stabbing. Her testimony was important to dispelling the claim of self-defense. Thus the opportunity for effective cross examination about possible bias was important.

<u>United States v. Partin</u>, 493 F.2d 750, 757-760 (5th Cir. 1974); <u>United States v. Campbell</u>, 426 F.2d 547, 549 (2d Cir. 1970);

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

*Hughes v. United States*, 427 F.2d 66, 68 (9th Cir. 1970) are all historical cases standing for this principle. Where trial courts have sought to limit the scope of cross-examination and the presentation of evidence on such matters, reviewing the courts have tended to view such limitations as reversible error.

*United States v. Anderson*, 881 F.2d 1128 (D.C. Cir. 1989) advises that where District Court is aware of recently dismissed indictment against prosecuting witness, cross examination must be permitted to raise possibility that prosecution's ability to reinstate indictment gave witness motive for favoring prosecution. *See United States v. Masino*, 275 F.2d 129 (2nd Cir. 1960), *United States v. Maynard*, 476 F.2d 1170 (D.C. Cir. 1973), *United States v. Leonard*, 494 F.2d 955 (D.C. Cir. 1974) and others.

The court in *Anderson* stated:

> "Moreover, this circuit has ruled that [t]he permissible scope of exploration on cross-examination is not curtailed by the absence of promises for leniency, for the defense may attempt to show government 'conduct which might have led a witness to believe that his prospects for lenient treatment by the government depended on the degree of his cooperation.'"

Anderson's conviction was reversed by the Court of Appeal.

Page 8

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to government witnesses; and has imposed upon the government the burden of insuring that disclosure of such promises is made to defendant. In *Giglio v. United States*, 405 U.S. 150 (1972), the defendant was convicted of passing forged money orders and was sentenced to five (5) years imprisonment. Subsequent to the conviction, defendant's attorney discovered new evidence indicating that the government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the government. In reversing the conviction under the due process criteria of *Brady v. Maryland*, 373 U.S. 83 (1963), the court in *Giglio* stated:

> . . . (the witness') credibility was therefore an important issue in the case, <u>and evidence of any understanding or agreement as to future prosecution</u> would be relevant to his credibility and the jury was entitled to know it. (Emphasis added).

The defendant submits that the holding in *Giglio* requires the type of disclosure that he now seeks. While it is true that *Giglio* does not appear to establish a particular time for disclosure of promises of immunity, leniency or preferential treatment, or the implementation thereof, defendant's request for such disclosure no later than ten (10) days subsequent to the ruling hereon must be considered both reasonable and appropriate. The manner of execution and fulfillment of any various commitment and promises made to these government witnesses may not

Page 9

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

have been communicated directly to them. Rather, this information may have been communicated only to their attorneys or representatives. If this is so, the defendant will not be able to elicit the information during cross-examination of these individuals, and he should therefore be given a reasonable opportunity prior to trial to locate and interview the persons who possess this information.

If the substance of such promises and agreements have not been accurately and fully communicated to the witness(es), cross-examination will not be an adequate device by which the defendant can elicit information to which he is clearly entitled. Again, such information can only be obtained if the defendant is given some factual basis on which to seek its procurement and a reasonable time prior to trial in which to do so.

WHEREFORE, for the above and foregoing reasons, the defendant submits that this Honorable Court should grant the instant motion.

Respectfully submitted,

FRANK A. RUBINO, ESQUIRE
1001 Brickell Bay Drive
Suite 2206
Miami, FL 33131
(305) 858-5300
Fla. Bar No: 209171

  (S) *Frank A. Rubino*
FRANK A. RUBINO, ESQUIRE

Page 10

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment and Memorandum of Law as well as Exculpatory Evidence was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case this 3rd day of June, 2010.

                                                         **(S)** *Frank A. Rubino*
                                                      FRANK A. RUBINO, ESQUIRE

Law Firm of Frank A. Rubino, Esq., P.A.
Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001