UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09 CR 673 |
| | ) | |
| RON COLLINS, aka "Ron Ron" | ) | Judge Virginia Kendall |

**GOVERNMENT'S COMBINED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, through its attorney, Patrick J. Fitzgerald, respectfully responds to defendant Ron Collins's Motions as follows:

**I.     Defendant's Motions to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment and Exculpatory Evidence, and Early Disclosure of all Jencks Material (Dkt. Nos. 68 and 69)**

Defendant COLLINS requests that this Court direct the government to turn over various materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). In a September 4, 200, letter to defense counsel, the government acknowledged its ongoing duty to disclose evidence favorable to COLLINS in this case pursuant to the trial rights of *Brady* and stated that the government will produce any such evidence promptly should it come into the government's possession. Courts have held that this acknowledgment alone is a sufficient basis upon which to deny COLLINS's motion. *See United States v. Sims*, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (motion to produce *Brady* material denied as moot in light of government's acknowledgment of awareness of its *Brady* obligations). At this time, the government is not aware of any evidence, which would fall within the purview of *Brady*.

The government also acknowledges its duty to produce *Giglio* materials to COLLINS in this case.[1] The government will honor its obligation under *Giglio* to provide COLLINS with any documents reflecting any agreement it has with witnesses at COLLINS's trial or any evidence bearing on any witness's credibility, including any promises of immunity, leniency, or preferential treatment, by producing this evidence within a reasonable time period so as not to prevent COLLINS from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986). The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient." *United States v. Hoover*, No. 95 CR 508, 1997 WL 80947, at *1 (N.D. Ill. Feb. 20, 1997) (internal quotations and citations omitted); *see United States v. Silesia Flavorings, Inc.*, No. 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. Mar. 1, 2004).[2] With regard to both COLLINS's request for *Brady* and *Giglio* materials, the motion should be denied.

---

[1] The government need not produce *Giglio* material until trial as long as COLLINS is not prevented from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Marquez*, 686 F. Supp. 1354, 1357-58 (N.D. Ill. 1988). *Giglio* information requires little or no warning to be used effectively, and therefore need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). To require otherwise would have the effect of giving COLLINS advance disclosure of the government's witness list, to which she is not entitled. *See United States v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976).

[2] The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide COLLINS with all of the materials requested in his motion. Rather, the government will abide by the law in this Circuit and will provide COLLINS with all materials to which he is entitled.

COLLINS also has moved for the pre-trial production of materials subject to the Jencks Act, 18 U.S.C. § 3500 not less than ten days prior to trial.[3] Despite the absence of any requirement in law that it do so, the government has already agreed in its September 4, 2009, letter to defense counsel to produce Jencks Act and *Giglio* materials one week in advance of trial. The government is willingly to provide Jencks Act material that it has in its possession at the time to COLLINS ten days prior to trial. Accordingly, COLLINS's motion should be denied as moot.[4]

## II.   Defendant's Motion for Reports of Scientific Experiments (Dkt. No. 70)

COLLINS seeks the results of various tests for controlled substances, fingerprints, and handwriting and any experts's reports on the same. COLLINS's motion should be denied.

In the government's September 4, 2009, letter to defense counsel, the government proposed disclosure of a written summary of testimony it intends to use under Federal Rules

---

[3]   The Jencks Act expressly provides:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the COLLINS) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the case.

18 U.S.C. § 3500(a). In accordance with the unequivocal language of the statute, courts of this District have consistently recognized an absence of authority to compel pretrial disclosure of Jencks Act material. *See United States v. Feinberg*, 502 F.2d 1180, 1182-83 (7th Cir. 1974); *Myrick*, 1997 WL 564673 at *2 ("District courts have no authority to compel pretrial disclosure of Jencks Act material."); *Balogun*, 971 F. Supp. at 1233 (finding government offer to provide Jencks Act materials three weeks prior to trial to be "quite reasonable, particularly since it exceeds the requirements of the Jencks Act"); *Sims*, 808 F. Supp. at 616.

[4] The government similarly requests that COLLINS provide reciprocal discovery in advance of trial pursuant to Rule 26.2(a).

of Evidence 702, 703, and 705 in accordance with Rule 16(a)(1)(E) two weeks prior to trial. This two-week notice provides COLLINS with sufficient time to prepare for trial. Moreover, the government will, of course, comply with the Jencks Act and provide statements of its "expert" witnesses in accordance with 18 U.S.C. § 3500, Fed. R. Crim. P. 16(a)(2), and the orders of this Court.[5]

To the extent that the defendant is seeking for the government to fulfill its obligations under Rule 16 and Local Rule 16.1, the government has acknowledged and has already produced or made available for inspection all Rule 16 materials, which are currently in its possession and control, including the examination of controlled substances. When any additional tests or examinations are completed, the government will fulfill its obligation to turn over this material in accordance with the requirements of Rule 16(a)(1)(F).

### III. Defendant's Motion for Non-Electronic Surveillance Information (Dkt. No. 71)

COLLINS seeks notice or information from the government as to whether there has been any non-electronic surveillance of COLLINS and any reports related to such non-electronic surveillance. This Court should deny the motion as moot and on its merits.

COLLINS relies on *Brady* and *Giglio* for his request. As stated above, the government has acknowledged its obligations under *Brady* and *Giglio* and will fulfill its obligations under the law. To the extent that the defendant is seeking for the government to fulfill its obligations under Rule 16 and Local Rule 16.1, the government has acknowledged and has

---

[5]The government requests that the defendants provide reciprocal discovery in advance of trial pursuant to Fed. R. Crim. P. 16(b) and 26.2(a).

already produced or made available for inspection Rule 16 materials which are currently in its possession and control.

IV. **Defendant's Motion for Government to Give Immediate Notice of Its Intention to Use Evidence of Other Crimes (Dkt. No. 72)**

COLLINS requests that the Court order the government to disclose any evidence of other crimes, acts, or wrongs of COLLINS that it intends to use. COLLINS's request should be denied as moot.

In its September 4, 2009, letter to defense counsel, the government acknowledged its obligation to give notice under Rule 404(b) and stated that the government would give such notice no later than 2 weeks prior to trial. Rule 404(b) provides that the government should provide reasonable notice of its intent to use such evidence in advance of trial. The government's proposed two-week time period is reasonable notice.

To the extent that COLLINS's is requesting notice of evidence that the government may use for purposes of impeachment or rebuttal, COLLINS motion should be denied. Federal Rule of Criminal Procedure 12(b)(4) limits COLLINS's right to request pretrial notice of the government's intent to use evidence that the government will offer in its case-in-chief. *See also United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980) ("No rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness."). Likewise, Federal Rule of Evidence 608(b), which addresses the use of prior instances of conduct for impeachment purposes on cross examination, does not require advance notice by the government and courts have repeatedly refused to read a pretrial notice

requirement into Rule 608(b). *See United States v. Stoecker*, 920 F.Supp. 876, 883 (N.D. Ill. 1996) ("The court finds that a notice requirement should not be read into the rule and consequently holds that Rule 608(b) evidence need not be disclosed in advance of trial."); *United States v. Schoeneman*, 893 F.Supp. 820, 823 (N.D. Ill. 1995) ("Unlike Rule 404(b), Rule 609 does not contain any notice provision, and the government argues that one should not be read into the rule. The court agrees that Rule 608(b) evidence need not be disclosed in advance of trial."); *United States v. Alex*, 791 F.Supp. 723, 728-29 (N.D. Ill. 1992) ("We disagree with [the defendant's] assertion that the amendment to Rule 404(b) may be read to require the government to give notice of "specific instances of conduct" evidence under Rule 608(b) it intends to offer for impeachment purposes."). In sum, COLLINS is not entitled to notice of evidence that the government may use for purposes of impeachment or in rebuttal and her motion should be denied to the extent that he requests such disclosure. The remainder of the motion should be denied as moot, because the government set out a reasonable time frame for disclosure of Rule 404(b) evidence.

**V.    Defendant's Motion for Production of Informants (Dkt. No. 73)**

COLLINS has moved for an order requiring the government to identify an informant utilized in the investigation of this case, namely an individual identified as Confidential Source 1. COLLINS's motion should be denied.

The government has acknowledged its obligations under *Rovario v. United States*, 353 U.S. 53 (1957) and *Giglio* to identify any cooperating informants that will testify as witnesses

6

for the government in its case-in-chief and to provide requisite impeaching information regarding such witnesses. With regard to cooperating individuals who will testify as witnesses at trial, the government will formally provide COLLINS's counsel with the identity of, and general impeachment information pertaining to, such witnesses at the time the government makes its other Jencks Act and *Giglio* disclosures no later than one week prior to trial in this case for *Giglio* disclosures and 10 days prior to trial for Jencks Act disclosures. In this regard, to the extent COLLINS's motions are construed as restricted to information pertaining to testifying informants, the motions should be denied as moot.

To the extent, however, that COLLINS seeks disclosure of information pertaining to non-testifying informants, namely Confidential Source 1, COLLINS's motion should be denied in accordance with the "confidential informant privilege." The well-established confidential informant privilege prohibits disclosure of the identity of a non-testifying informant or any information which would reveal the identity of the informant. *See Rovario*, 353 U.S. 53; *see also United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). The purpose of this privilege is to further and protect the public interest in efficient law enforcement by encouraging responsible citizens to cooperate with government officials. *Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989).

In order to overcome the privilege, a defendant must "establish a genuine need for disclosure before disclosure should be ordered." *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *United States v. Tucker*, 552 F.2d 202, 209 (7th Cir. 1977) (same); *see also*

7

*Valles*, 41 F.3d at 358 (7th Cir. 1994) (defendant bears burden in face of an assumption that the privilege should apply); *United States v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992) (burden is on the defendant to establish that informant is a material witness or crucial to the defense). A defendant overcomes the privilege only by showing that the identification of the informant is essential "to a balanced measure of the issues and the fair administration of justice." *Dole*, 870 F.2d at 372. In *Roviaro*, the Supreme Court found that to determine whether the government must disclose the identity of an informant, the court must balance the defendant's need for disclosure to ensure a fair trial with the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes. *Roviaro*, 353 U.S. at 62; *see also United States v. Jefferson*, 252 F.3d 937, 940-42 (7th Cir. 2001). A defendant may satisfy his burden by establishing that the informant is a material witness, *see Roviaro*, 353 U.S. at 64-65 (disclosure is required where the defendant and the informant were the *sole* participants in the criminal transaction and the informant was the *only* witness in a position to amplify or contradict the testimony of the government witness), or that the informant's testimony is crucial to the defense. *See United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993). The confidential informant privilege "will not yield to permit a mere fishing expedition, nor upon the bare speculation that the information may prove useful." *Dole*, 870 F.2d at 373.

"The underlying concern of this doctrine is the common sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal

8

from those upset by the investigation." *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990) (affirming district court's refusal to disclose identity of informant at detention hearing); *Andrus*, 775 F.2d at 842 (affirming refusal to disclose identity of informant at trial). When asserting the privilege the government is not required to show an actual threat in the particular case. *Valles*, 41 F.3d at 358. Instead, "the government is granted the privilege as a right." *Id.; see also Dole*, 870 F.2d at 372.

Accordingly, a defendant must "establish a genuine need for disclosure," something beyond the bald assertion of the right to confront or cross-examine. *Andrus*, 775 F.2d at 842; *see also United States v. Bender*, 5 F.3d 267, 271 (7th Cir. 1993); *United States v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992). When an informant is a mere "tipster" rather than a participant or eye witness to the event in question, disclosure is not required. *Andrus*, 775 F.2d at 842; *see also Jefferson*, 252 F.3d at 942; *Bender*, 5 F.3d at 270.

In *Bender*, for example, the Seventh Circuit affirmed the district court's determination that a defendant was not entitled to discover the identity of a confidential informant who provided information for a search warrant. *Bender*, 5 F.3d at 269-71. Within two days of the informant's last crack cocaine purchase at the premises to be searched, police officers secured a warrant to search those premises based upon the informant's information regarding narcotics purchases at that location. *Id.* at 268. During that search, the police found the defendant with his arm down a sewer drain pipe; the police also retrieved from that pipe a plastic baggie containing an ounce of crack cocaine. *Id.* In affirming the district court's

9

ruling to uphold the informant's confidentiality, the Seventh Circuit held that the informant need not be disclosed because the informant was not an active participant in the investigation leading to the defendant's arrest and because the criminal activity witnessed by the informant was not part of the charges brought against the defendant. *Id.* at 270.

Relying on *Bender*, the Seventh Circuit again upheld the confidential informant privilege in *Jefferson*, a case that involved an informant who provided statements regarding narcotics purchases from a drug house, which statements were used to support a search warrant for that house. *Jefferson*, 252 F.3d at 939. The *Jefferson* court held that the informant's identity did not need to be disclosed, even though the informant was present at the scene of the search just minutes before the warrant was executed, because the informant was not a participant in the activity with which defendant was charged:

> . . . [T]he charges against [defendant] were based on evidence which was obtained when the search warrant was executed and statements made by [defendant] and [co-defendant] at the time of their arrests, not on any criminal activity the confidential informant had witnessed. The confidential informant was a mere "tipster," who provided law enforcement officials with information which led to the acquisition of the search warrant. Although the informant had been present at the residence shortly before the warrant was executed, his role ended at the conclusion of the third drug buy, and he was not present when the warrant was executed and the search was conducted or when the post-arrest statements were made.

*Id.* at 941-42.

COLLINS has not set forth any specific need for the identity of Confidential Source 1. Accordingly, COLLINS's claims fall well short of establishing the "credible need for the information" required to cause the privilege to give way. *Herrero*, 893 F.2d at 1525; *see also*

*Myrick*, 1997 WL 564673 at *5 (rejecting "boiler-plate assertion" that disclosure of informants necessary "'to determine whether or not he or they should be called as defense witnesses'" and holding: "We will not revoke the privilege for the remaining informants, if any, on the basis of bare speculation that the information may prove useful to the defense."); *Balogun*, 971 F. Supp. at 1242 (denying motion for disclosure of informants and noting that "[d]efendants have failed to provide any particularized reasons to overcome the qualified informer's privilege").

If any of the confidential informants in the present case testify at trial, then their identities and other information concerning their testimony will be disclosed in accordance with all applicable rules. Defendant's motion to disclose their identities at this time should be denied.

**Conclusion**

The government requests defendant's motions (Docket Numbers 68-73)) be denied for the reasons stated above.

        Respectfully submitted.
        PATRICK J. FITZGERALD
        United States Attorney

By: /s/ Halley B. Guren
    HALLEY B. GUREN
    Assistant United States Attorney
    219 South Dearborn Street
    Fifth Floor
    Chicago, Illinois 60604
    (312) 886-4156

## **CERTIFICATE OF SERVICE**

Halley B. Guren, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT COLLINS'S PRETRIAL MOTIONS was served on June 22, 2010, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                      /s/ Halley B. Guren
                                                      HALLEY B. GUREN
                                                      Assistant United States Attorney