UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   09 CR 673 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| RON COLLINS, also known as "Ron Ron" | ) | |

**UNITED STATES' MOTION *IN LIMINE* REGARDING
DEFENSE COUNSEL POTENTIALLY CALLING CS1 AS A WITNESS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits the following motion *in limine* regarding defense counsel's representation that he potentially may seek to call a confidential source ("CS1") as a defense witness at trial. Having learned from defense counsel that he may seek to call CS1 as a witness, the government requests that this Court require defense counsel to proffer the substance of the testimony he intends to elicit from CS1. The government seeks this relief for three reasons: (1) to ensure that defense counsel is not improperly calling CS1 solely for the purpose of impeachment; (2) to provide sufficient notice to CS1's defense counsel of whether defense counsel intends to call CS1 to ensure CS1's defense counsel has sufficient time to confer with CS1; and (3) for logistical considerations related to facilitating CS1's appearance at trial if so ordered by the Court.

**I.     BACKGROUND**

In a telephone conversation with defense counsel on Tuesday, May 3, 2011, defense counsel informed the government that his client wished for him to call CS1 as a defense witness at trial. On May 9, 2011, the government sent a letter via email to defense counsel referring to the telephone call and stated:

> The government is unaware of any relevant, helpful testimony that [CS1] can provide for your client, and the law is settled that an attorney may not call a witness for the sole purpose of impeaching the witness's credibility. Should you believe that [CS1] can offer relevant, helpful testimony for your client, please inform us of the substance of this possible testimony. Because of the need to give counsel for [CS1] sufficient notice and information regarding his client's possible testimony and logistical considerations relating to [CS1], we would request that you provide us this information by the end of the day on May 11, 2011.

In a follow up telephone call with defense counsel on May 10, 2011, defense counsel confirmed that he may still call CS1 as a defense witness. Defense counsel further stated that he did not intend to call CS1 for the purposes of impeachment. But, when asked for what purpose defense counsel may call CS1, defense counsel provided a basis, which would appear not to be helpful or relevant to his client, namely that unrecorded calls with defendant took place during the conspiracy and after the time of CS1's cooperation. As noted to defense counsel, toll records that the government intends to offer as evidence show unrecorded phones calls between CS1 and defendant occurred after the time that CS1 began cooperating and witness testimony will show that unrecorded calls between CS1 and defendant occurred during the conspiracy. Defense counsel further stated that he would ask CS1 what topics were discussed during the unrecorded calls with defendant and that defense counsel expects that CS1 will testify that drug trafficking was discussed.

## II. DEFENSE COUNSEL MAY NOT CALL CS1 FOR THE SOLE PURPOSE OF IMPEACHMENT.

The government will establish at trial that CS1 and defendant, among others, conspired to distribute and to possess with intent to distribute cocaine from approximately 2005 to at least about November 2008. As part of the government's case, the government intends to play recorded calls between CS1 and the defendant, in which they discuss the defendant's purchasing of fronted cocaine from CS1. The government does not intend to call CS1 as a witness and does not intend to admit CS1's statements as coconspirator statements.

To the government's knowledge, CS1 has no helpful or relevant evidence to defendant's defense, and case law is well settled that an attorney cannot call a witness for the sole purpose of impeachment. *See, e.g., United States v. Giles,* 246 F.3d 966, 974 (7th Cir. 2001) ("It's clear that party may not call a witness for the sole purpose of impeaching him."); *United States v. McClain*, 934 F.2d 822, 832-34 (7th Cir. 1991) (affirming district court's decision not to allow a cooperating informant to be called for the sole purpose of impeachment); *see also* Fed. R. Evid. 607. Because, to the government's knowledge, CS1 has no helpful, relevant evidence with regard to CS1's defense, the implication is that the defense counsel is merely intending to call CS1 for the sole, impermissible

purpose of impeaching CS1 or, alternatively, to seek a missing witness instruction from the Court. The former purpose is legally impermissible and the latter is unwarranted. In order to demonstrate a good-faith basis for seeking to call CS1, the government respectfully requests that the Court order defense counsel to provide a proffer of the substance of the testimony he intends to elicit from CS1. *See McClain*, 934 F.2d at 832-34 (upholding the use of a pre-trial proffer by defense counsel regarding the substance of the testimony the defense counsel intended to elicit from a CS1).

**III. SHOULD DEFENSE COUNSEL BE ABLE TO PROFFER THAT HE IS CALLING CS1 FOR PURPOSES OTHER THAN IMPEACHMENT, SUFFICIENT NOTICE AND INFORMATION IS NECESSARY FOR CS1'S DEFENSE COUNSEL TO HAVE TIME TO CONFER AND GIVE ADVICE TO CS1 AND FOR LOGISTICAL NEEDS.**

As of the filing of this motion, defense counsel has not been in touch with defense counsel for CS1 nor has any trial subpoena been served on CS1 or CS1's defense counsel. Before making the decision to testify, CS1 may wish to seek advice and confer with CS1's defense counsel. In order to give CS1's defense counsel adequate time and information to confer with CS1 and provide any legal advice, the government respectfully requests that, should defense counsel be planning to call CS1 for purposes other than impeachment, sufficient notice be provided to CS1's defense counsel, especially given that the trial is less than three weeks away.

Moreover, the government notes, and hereby informs the Court, that CS1 is a protected witness in the custody of the United States government, resulting from CS1's cooperation in this and other related cases. The logistical considerations of arranging for CS1 to appear in court, while possible, are significantly more involved than in other, more routine cases and circumstances. Thus, the government respectfully requests that the Court require defense counsel to provide a detailed proffer of the testimony defense counsel seeks to elicit from CS1. Only if the Court finds that proffer legally sufficient to justify CS1's appearance, and so orders it, should the government be required to undertake producing CS1 for trial. The government will need advance notice to facilitate that appearance.

## IV. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court require defense counsel to proffer the substance of the testimony he intends to elicit from CS1 and provide sufficient notice of whether he intends to CS1.

                          Respectfully submitted,
                          PATRICK J. FITZGERALD
                          United States Attorney

By:   /s/ Halley B. Guren
       HALLEY B. GUREN
       RENAI S. RODNEY
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 353-5300

Date: May 10, 2011

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney certifies that in accordance with FED. R. CRM. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**UNITED STATES' MOTION *IN LIMINE* REGARDING DEFENSE COUNSEL POTENTIALLY CALLING CS1 AS A WITNESS**

were served pursuant to the district court's ECF system as to ECF filers.

                By:   /s/ Halley B. Guren
                          HALLEY B. GUREN
                          Assistant United States Attorney
                          United States Attorney's Office
                          219 S. Dearborn Street
                          Chicago, Illinois 60604
                          312-353-5300

Date: May 10, 2011