IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | ) Case No. 09 CR 673 |
| v. | )<br>) Judge Virginia M. Kendall |
| RON COLLINS | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Ron Collins was convicted on June 7, 2011 of conspiring to knowingly possess with intent to distribute more than five kilograms of cocaine.[1] During the trial the Government presented phone calls between a confidential informant and someone the Government asserted was Collins that were recorded by the informant outside the presence of federal agents. Before trial, the Court denied Collins' motion to bar the recordings, finding that the Government had demonstrated their authenticity with sufficient corroborating circumstantial evidence. Now Collins again asserts the recordings are inadmissible and seeks a new trial where they are barred. (*See* Doc. 145.) For the below reasons, the Court denies Collins' motion for a new trial.

**I.  BACKGROUND**

In his motion, Collins renews his objection to the admissibility of recordings of three phone calls made between November 25, 2008 and November 30, 2008. The Court previously found that these calls could be admitted at trial because the Government had demonstrated, under Federal Rule of Evidence 901, that the recordings were a true, accurate and authentic recordings of the

---

[1] The indictment originally charged Collins with conspiracy to distribute heroin, but the Court struck the reference to heroin in the indictment before trial on the Government's motion.

conversation between parties. (*See* Doc. 92.) At the pretrial conference and again at trial, the Court rejected Collin's objections to the recordings coming into evidence.

As it laid out in its pre-trial motion seeking a ruling that the recordings could be presented at trial, he Government asserted that these calls involved a confidential informant ("CS1") and Collins.[2] According to the Government, the calls concerned the sale of a substantial amount of cocaine from CS1 to Collins, as well as previous drug transactions between the two. The Government offered evidence that these recordings were made in Mexico by CS1 at the behest of Drug Enforcement Agency ("DEA") agents. Specifically, a DEA agent testified that he told CS1 to purchase a digital voice recorder. CS1 gave a digital voice recorder containing the recordings to the agent in Mexico on December 1, 2008. The agent downloaded the recordings to a CD and sent the CD via Federal Express to the DEA office in Chicago around December 8, 2008. A second DEA agent testified that he received the CD and entered the recordings into evidence. A third DEA agent testified that on December 1, 2008, he was in Mexico and took possession of the cell phone CS1 used to call the individual thought to be Collins for the recorded calls, which was also later entered into evidence. No agent was present when CS1 made the recordings in November, and CS1 did not testify at trial.

DEA agents also testified that on December 2, 2008, they participated in additional consensually recorded calls involving CS1 and the individual the Government asserts was Collins. Those calls were made to and from the same number (773-691-1702) that was used in the three November calls. The Government also introduced the phone records for that 773 number for the period between November 17, 2008 and December 11, 2008. Those records showed that the 773

---

[2] Collins asserted at trial that it was not his voice on the recordings.

number had only been used to call, or receive calls from, from a single number in Mexico. The records also showed three calls that matched the dates, times and duration of the three recordings at issue. Finally, DEA agents then testified that the voices on the recordings were those of CS1 and Collins, based on previous conversations with them. For comparison purposes, the Government also played a recording that the defense stipulated was Collins' voice.

## II. STANDARD

A motion for a new trial under Rule 33(a) should be granted only if required "by the interest of justice." Fed. R. Crim. P. 33(a). Such motions should be granted sparingly and are only appropriate if "substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). A defendant is entitled to a new trial only if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict. *See United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996).

## III. ANALYSIS

Collins seeks a new trial on mostly the same grounds the Court rejected when it denied Collins' pre-trial motion to bar the recordings. Collins first asserts that the Government did not sufficiently authenticate the recordings. He points out that neither participant on the call testified at his trial, no one testified that CS1 actually made the recordings, what type of recorder was used, when and where the recordings were made, whether or not the recorder was working properly, whether the recorder captured the whole call, and whether additional calls were made but not recorded. Second, in a spin on the first argument, Collins attacks the Government's chain of custody for the recorder, again noting that the Government presented no chain of evidence for the recorder before it was passed to the DEA agent. Third, Collins asserts that the because CS1 was cooperating

with the Government at the time the calls were made, the calls cannot be evidence of a conspiracy because a Government informant cannot conspire as a matter of law.

    A.    **Authenticity**

To admit a tape recording at trial, "Federal Rule of Evidence 901(a) requires the government to offer "evidence sufficient to support a finding that the [tape] in question is what its proponent claims." *United States v. Emerson*, 501 F.3d 804, 813 (7th Cir. 2007) (internal quotations and citations omitted). This requirement is satisfied by "offering clear and convincing evidence that the proffered tape is a true, accurate, and authentic recording of the conversation between the parties." *Id*. The government "may meet this burden by establishing the tape's chain of custody or by establishing otherwise a foundation as to the trustworthiness and accuracy of the evidence." *United States v. Westmoreland*, 312 F.3d 302, 311 (7th Cir. 2002) (internal citation omitted). Because authentication can be established through circumstantial evidence, recordings that were not monitored by an agent may be admitted without the testimony of a participant. *See Emerson*, 501 F.3d at 813-14 (recorded conversation admitted without testimony of participant where no agent monitored recording); *United States v. Puerta Restrepo*, 814 F.2d 1236, 1239 (7th Cir. 1987) (circumstantial evidence may be used to authenticate recordings); *United States v. Eberhart*, 467 F.3d 659, 668 (7th Cir. 2006) ("district courts have broad discretion in determining whether tape recordings have been authenticated.") "[A] presumption of regularity attaches to evidence that has at all times been kept in official custody, and any gaps in the chain of custody go to the weight of the evidence, not its admissibility." *United States v. Smith*, 308 F.3d 726, 739 (7th Cir. 2002); *see also United States v. Lee*, 502 F.3d 691, 697 (7th Cir. 2007) ("The government is not required to prove

a perfect chain of custody, as gaps in the chain go to the weight of the evidence rather than its admissibility.").

Here, the Government carried its burden to show that the recordings were authentic. Though no Government agent was present for the calls, the Government presented an abundance of uncontroverted corroborating evidence that the recordings were what the Government said they were. The Government demonstrated that a DEA agent told CS1 to use a recorder, that CS1 then gave the agent a recorder a day or so after the last phone call at issue, that the calls match up with the date, time and duration of calls listed in the records for the 773 number. Further, the 773 number only made or received calls from a single number. Most importantly, the Government confirmed the entire process when it was present for the consensually recorded phone calls just a few days after the November calls. During those calls, CS1 called the 773 number to talk to the individual the Government asserted was Collins and received calls from the same 773 number.

In his motion, Collins has not challenged any of this corroborating evidence. He suggests that the tapes could be altered or incomplete, but he does not provide any reason beyond the agent's absence to question the integrity of the recordings. The recordings are internally consistent - Collins does not identify any questionable gaps, sounds or choppy conversation that suggest after-the-fact alteration or fabrication. *See e.g. United States v. Andreas*, 23 F. Supp. 2d 835, 841 (N.D. Ill. 1998) (finding the Government carried its burden to establish tapes were authentic in part by demonstrating that the tapes containing continuous conversation); *United States v. Bright*, 630 F.2d 804, 819 (5th Cir. 1980) (upholding authentication of recording with circumstantial evidence and noting the tape was authentic because it contained a running conversation that was consistent with an unaltered

tape.) Collins' arguments are cross-examination points that he made at trial, not arguments for barring the recordings and granting a new trial.

### B. Involvement of Government Informant

According to Collins, assuming the other voice on the recorded calls was his, the call cannot be evidence of a conspiracy to traffic drugs because CS1 was a Government informant as the time the calls were made. As Collins notes in his motion, a defendant cannot conspire with an informant. *See United States v. Conteras*, 249 F.3d 595, 599 (7th Cir. 2001) (because an informant works to expose rather than to commit a crime, there can be no meeting of the minds necessary to show conspiracy). It is true that Collins could not be convicted for conspiracy based on the specific cocaine transaction worked out with CS1 during the recorded calls. That does not mean the calls are irrelevant, as the evidentiary value of recordings is not limited to planning a single transaction with CS1. Rather, the recordings touch on CS1 and Collins' previous transactions and, consequently, are evidence of past conspiracy when CS1 was not a Government informant. They also demonstrate that Collins conspired with his customers down the chain. Indeed, in one call with CS1, Collins can be heard talking to one of his customers about re-selling the cocaine he intended to purchase from CS1.

## IV. CONCLUSION

For the above reasons, Collins' motion for a new trial (Doc. 145) is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 18, 2011

6